ON PETITION FOR REHEARING
En Banc.
HAWKINS, Presiding Justice,
for the Court:
Gregory Montecarlo Jones was tried and found guilty of capital murder by a Harrison County jury. Conviction and sentence of death were affirmed by this Court on January 28, 1987. Jones v. State, 517 So.2d 1295. He presently seeks rehearing of that decision on the basis of a single issue not raised prior to the verdict. In sum, we today encounter the increasingly familiar issue of a claim to relief under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), made by one who voiced no objection prior to conviction.
I.
The record in this case reflects that the trial court excused five prospective jurors due to various forms of hardships. The State then used its first four peremptory challenges to excuse two white jurors and two black jurors. One of the black jurors knew the District Attorney’s wife, was a friend of a policeman/witness for the State, and had objections to being sequestered. The other black juror was a minister; although he stated that he didn’t remember the facts of the case, he gave the trial judge some reason to suspect that he knew about the case because the judge addressed him personally in voir dire. Furthermore, Jones concedes that his counsel made no objection to the use of these peremptory challenges on any ground, nor did he move to strike the jury venire. In fact, the first challenge to the composition of the jury was made when Jones filed his assignment of error and brief in this appeal following the verdict of guilty. On direct appeal to this Court, Jones raised fourteen assignments of error, one of which alleged that the Court erred in permitting the State to systematically exclude black venire men by peremptory challenge. It is thus clear for purposes of our discussion that this objection to the jury composition came after Jones had been found guilty and the jury had been finally released. Although not a dispositive fact, it is noteworthy that the jury that found Jones guilty of capital murder consisted of eleven white jurors and one black juror. Two white alternate jurors are also reflected by the record.
II.
Jones predicates his plea for a new trial on Batson v. Kentucky, supra, and Griffith v. Kentucky, 479 U.S. -, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), cases which *1311 collectively hold that racially motivated peremptory strikes by the State may supply the basis for objection rooted in the due process clause. Specifically, Batson relieves the onerous burden previously shouldered by litigants asserting this claim under prior law. See Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). Griffith supplies the window in time through which Batson may be afforded limited retroactivity.
Initially, we need state that the question of retroactivity is not at issue in this case. Admittedly, Jones’ case was clearly on direct appeal at the time Batson was decided. Griffith dictates the availability of Batson rights since Jones’ appeal was perfected on April 15, 1985, and affirmed by this Court on January 28, 1987, while Batson was decided on April 30, 1986. See generally Williams v. State, 507 So.2d 50 (Miss.1987); Harper v. State, 510 So.2d 530 (Miss. July 29, 1987). An equally important question arises, however, centering in Jones’ clear failure to timely object in any form or fashion to the jury selection process until after he was found guilty and sentenced. This issue, one left to the State courts by the very language of Batson,[1] must be addressed.
The issue of timely preservation of a Batson claim is not novel to this Court or to other courts. This very day, in a strikingly similar procedural context, we address the same question. Thomas v. State, 517 S.W.2d 1285 (1987). Therein, Presiding Justice Roy Noble Lee discusses at length both the rationale underlying our consistent requirement of a contemporaneous objection to jury selection claims and the numerous state and federal cases from other courts which have likewise required timely challenge. In the light of Thomas, we need not belabor the discussion. Rather we note that Thomas controls the present petition and we adhere to our case law affirming the necessity for trial objection to a Batson claim. We further hold that objection to be timely only where it is made prior to the empanelling of the jury. We see nothing in the record of Jones’ trial to excuse his failure to object.
Our ruling here should not be interpreted so myopically as to suggest that litigants were required to assert a challenge in Bat-son language at a time when that language did not exist. All we hold today is that in cases tried prior to Batson which were on appeal when Batson was decided, the record must reflect some form of timely objection grounded in allegations of racially discriminatory jury selection. Surely an objection based on Swain would at the time of Jones’ trial been sufficient to preserve this issue for appellate review. Only in such instances can the record adequately reflect important features such as the race of the potential jurors, the race of the jurors peremptorily challenged, any supporting facts which might be dictated into the record by counsel, and findings made by the trial judge in ruling on the objection. Moreover, only in cases evidencing a meaningful record can this Court begin to fulfill our duty to review the record for any trial errors.
For reasons stated above, Appellant’s petition for rehearing is denied.
PETITION FOR REHEARING DENIED.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, J., concur.
ROBERTSON, PRATHER, SULLIVAN and ANDERSON, JJ., dissent.
GRIFFIN, J., not participating.
ON PETITION FOR REHEARING

. Batson notes that “We decline, however, to formulate particular procedures to be followed upon a defendant’s timely objection to a prosecutor’s challenges. In this case, petitioner made a timely objection ...” Batson, 476 U.S. at 99, 106 S.Ct. at 1725, 90 L.Ed.2d at 90.